

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-6-2008

# Patel v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3415

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Patel v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1637.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1637

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3415
_____

BHUPENDRA KUMAR PATEL,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A79 415 065
Immigration Judge: Henry S. Dogin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 1, 2008

Before: AMBRO, FUENTES and FISHER, Circuit Judges

(Opinion filed February 6, 2008)
_____

OPINION
_____

PER CURIAM

Bhupendra Kumar Patel petitions for review of an order of the Board of

Immigration Appeals (BIA) denying his motion to reopen or reconsider. For the reasons

that follow, we will deny the petition.

Patel is a native and citizen of India. In removal proceedings, he admitted removability, but filed applications for asylum, withholding of removal and relief under the United Nations Convention Against Torture. Patel claimed that his family, which is Hindu, was persecuted in India for donating land to a Christian society to build a school. Patel testified that on July 1, 2001, a group of people came to his family's house, beat up his parents, and burned their sugar cane crop. A.R. 141. Patel was not there at the time. He never returned home after the incident, first fleeing to Bombay and then to the United States. A.R. 141, 143-45. He additionally testified that his brother has been missing since July 2001.

The Immigration Judge (IJ) found Patel credible, and found that Patel could potentially claim asylum on the basis of religion. A.R. 79. However, the IJ found that Patel had not personally been persecuted in the past, as he was never harmed, and found that it was not likely he would be persecuted in the future, as the persecution of his family was based on one event that occurred five years earlier, and his parents continued to live in the same place without harm. A.R. 80. The IJ also noted that Patel could relocate to another area of India if he was not comfortable with returning to the area of the family home. A.R. 81. The IJ thus denied all relief.

The BIA affirmed without opinion. Patel then filed a motion to reopen and reconsider, which the BIA denied. Patel filed a timely petition for review.

This court reviews the Board's denial of a motion for reconsideration for abuse of

2

discretion only.  Nocon v. INS, 789 F.2d 1028, 1029 (3d Cir. 1986).[1]  Similarly, the decision to deny a motion to reopen is within the Board's discretion.  See 8 C.F.R. § 1003.2(a); Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001).  Under the regulations, the Board "has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief."  8 C.F.R. § 1003.2(a).  As the Supreme Court has stated, the regulations "plainly disfavor" such motions.  INS v. Abudu, 485 U.S. 94, 110 (1988).  Accordingly, the Court reviews the Board's denial of a motion to reopen for abuse of discretion with "broad deference" to its decision.  Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003).  Thus, in order to succeed on the petition for review, Patel must ultimately show that the Board's discretionary decision was somehow arbitrary, irrational, or contrary to law.  See Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994).

A motion to reopen proceedings based on changed country conditions "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material."  § 1003.2(c)(1).  Patel's motion to reopen was purportedly based on changed country conditions.  Patel's motion stated that there had been "unfortunate changes for the worst [sic] in India's political landscape–where a government is still and becomes more unable to control the religiously persecuted in Respondent's situation . . . ."  A.R. 11.  Patel also included a printout from

_____

[1] This court's review does not extend to the BIA's earlier order, because the petition for review was only timely as to the order entered on July 31, 2007.  See Stone v. INS, 514 U.S. 386, 405 (1995); Nocon, 789 F.2d at 1033-34.

3

an internet blog detailing recent persecution of Christians.   We agree with the BIA that the articles "have not been shown to have any relevance to the respondent's claim or demonstrate any increased threat to respondent."  Given the lack of support for his motion, we find that the Board did not abuse its discretion in denying the motion to reopen.

To the extent the motion could be construed as a motion to reconsider, we agree with the BIA that the motion simply reargued the basis for the appeal and disagreed with the Board's conclusions, but did not identify "any material factual or legal errors in the prior decision that are supported by pertinent authority."  The BIA thus did not abuse its discretion in denying the motion to reconsider.

For the foregoing reasons, the petition will be denied.